IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| STEPHEN ROBERT NEALE YOUNG, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSITY OF HAWAII, *et al.*, <br><br> Defendants. | Case No. 20-cv-00231-DKW-RT <br><br> **ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS.**[1] |

On April 27, 2020, Plaintiff Stephen Young, proceeding *pro se*, filed this action in the U.S. District Court for the Eastern District of Michigan without paying the filing fee. Dkt. Nos. 1, 4. Young named the following as defendants: the University of Hawaii; the American Bar Association; the American Bar Association Legal Education Section; the National Conference of Bar Examiners; the Association of American Law Schools; the State Bar of Michigan; the Michigan Board of Law Examiners; Thomson Reuters, Inc.; Breaking Media, Inc; and various individuals affiliated with these entities. *See* Dkt. No. 1 at 6–14. On May 15, 2020, the federal court in Michigan entered an Order transferring the case to this Court. Dkt. No. 9. The following day, Young filed an application to proceed *in*

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

*forma pauperis* ("IFP Application"). Dkt. No. 13. Because the IFP Application reflects that Young does have the ability to pay the filing fee in this case, the Court DENIES the IFP Application.

An action may only proceed without concurrent payment of the filing fee if the party is granted leave to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he "cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339). That is, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (citation and internal quotation mark omitted); *see* 28 U.S.C. § 1915(a). A court "shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Here, Young has not made the required showing under Section 1915(a). In the IFP Application, Dkt. No. 13, Young states that he is self-employed, but does not earn any income. Young alleges, however, that on April 27, 2020, he began receiving bi-weekly unemployment payments in the amount of $1,520, and such payments will continue "as long as Congress determines . . ." This is the equivalent

of approximately $39,520 per year.  Further, Young states that he has $1,225.09 in a checking or savings account, ten shares of stock valued at $1,935, and an autographed photo collection estimated to be worth roughly $500.  In light of these facts, Young's income is well above the poverty threshold identified by the U.S. Department of Health & Human Services' ("HHS") 2020 Poverty Guidelines.[2]  Because Young is therefore financially able to pay the filing fee, the Court DENIES the IFP Application, Dkt. No. 13.

"IFP status is a privilege, not a right . . ."  *See, e.g.*, *Rodriguez*, 169 F.3d at 1179; *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir.), *cert. denied*, 382 U.S. 896 (1965).  In part, this is because "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  Accordingly, if Young elects to continue with this action, **Young must pay the civil filing fees in full by June 12, 2020.  Failure to do so will result in automatic dismissal of this action.**  28 U.S.C. § 1915(e)(2)(A); In re *Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of *pro se* litigant's claim for failure to pay required filing fees).

---

[2] *See* HHS Poverty Guidelines for 2020, *available at* https://aspe.hhs.gov/poverty-guidelines.

## **CONCLUSION**

Young's application to proceed *in forma pauperis*, Dkt. No. 13, is DENIED.

IT IS SO ORDERED.

Dated: June 2, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Stephen Robert Neale Young v. University of Hawaii, et al.*; Civil No. 20-00231-DKW-RT; **ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**