IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| STEPHEN ROBERT NEALE YOUNG, | CIVIL NO. 20-00231 JMS-RT |
|---|---|
| Plaintiff, | MEMORANDUM IN SUPPORT OF MOTION |
| vs. | |
| UNIVERSITY OF HAWAII, ET AL., | |
| Defendants. | |

## **MEMORANDUM IN SUPPORT OF MOTION**

In this case transferred from the U.S. District Court for the Eastern District of Michigan, Defendant The Association of American Law Schools ("AALS") respectfully asks the court to dismiss it with prejudice because Plaintiff's "Complaint" [ECF No. 1] does not allege any factual content plausibly establishing a viable claim against AALS.

The non-conclusory facts alleged in the Complaint directed at AALS are that Plaintiff Pro Se Stephen Robert Neale Young ("Plaintiff") could not discern what differentiates AALS' work from that of the American Bar Association ("ABA") despite his extensive review of its website. *See* Complaint, attached hereto as Exhibit 1, at p. 9, ¶14. Plaintiff concedes "it is possible [the AALS] may have a positive impact[,]" but says he "cannot honestly discern any

practical purpose for the existence of this organization[.]" *Id.* Plaintiff also asserts that AALS contributed to a publication called the "Comprehensive Guide to Bar Requirements 2019," and collects dues from member law schools. *See* Complaint, at 23, ¶84; 26, ¶97.

Even if true, these innocuous allegations do not state a claim upon which this Court may grant relief in favor of the Plaintiff under any of the confusing counts and claims asserted in the Complaint. Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Twombly* is particularly instructive, as it was an antitrust case. In that case, the plaintiff class of consumers asserted that AT&T's affiliated local carriers ("Baby Bells") engaged in certain "parallel" conduct in a conspiracy to undermine their competitors in violation of the Sherman Act. 550 U.S. at 550-551. The U.S. Supreme Court held that the alleged "parallel" conduct did not show, as required to state an actionable claim, that the defendants forged an illegal agreement to restrain trade. *Id.* at 557. As the Supreme Court explained, plaintiffs could not be allowed to advance their lawsuit and engage in expensive discovery when their factual allegations merely "suggested" or were "consistent with" the existence of an illegal conspiracy, but did not plausibly eliminate the non-actionable likelihood that each carrier recognized the benefits of pursuing the same course of conduct in its respective market. *Id.* at 557-559.

This case is even weaker than *Twombly,* for Plaintiff's failure to divine AALS' mission, programs and activities despite their articulate presentation on its website[1] does not even *suggest* a conspiracy in restraint of trade, or a criminal enterprise in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*, or unlawful discrimination. *Cf. Otworth v. The Florida Bar*, 71 F. Supp. 2d 1209 (M.D. Fla. 1999) (dismissing antitrust and civil rights claims against state bar association under pre-*Twombly* standard of reviewing Rule 12(b)(6) motions to dismiss). Similarly, collecting dues and helping aspiring attorneys understand bar requirements fail to suggest anything remotely actionable or negate the likelihood that AALS was performing the normal and salutary functions of a non-profit organization designated as such under Section 501(c)(3) of the Internal Revenue Code. *Id.* Plaintiff's Complaint readily acknowledges the obvious possibility that AALS "may have a positive impact[.]" *See* Complaint, at 9, ¶14. In sum, Plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

This conclusion is unaffected by Plaintiff's addition of speculative innuendo containing unadorned legal conclusions such as "aside from assisting in antitrust violations" or "aside from being entirely unregulated." *See* Complaint, at 9, ¶14. Nor is Plaintiff's case against AALS advanced by his confusing attempts to

---

[1] *See* https://www.aals.org. AALS respectfully asks the court to take judicial notice of its website if and as necessary to evaluate this motion.

"adopt by reference" other lawsuits or even attaching one of them as an exhibit. *See, e.g.,* Complaint, at ¶¶1-9 (and Exhibit 1 to the version of the Complaint filed herein). AALS is not a party or mentioned in those other lawsuits. Based on the content of the pleading that Plaintiff actually filed in this court as his Complaint, there is simply no substance to his claims against AALS.

Finally, nothing in the record demonstrates that Plaintiff could cure these defects by amendment. Therefore, AALS respectfully requests that the court dismiss the Complaint as to AALS with prejudice and enter judgment accordingly.

DATED: Honolulu, Hawaii, June 4, 2020.

          */s/ Christopher J. Cole*
          CHRISTOPHER J. COLE

          Attorney for Defendant
          THE ASSOCIATION OF
          AMERICAN LAW SCHOOLS