UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| STEPHEN ROBERT NEALE YOUNG, <br><br>　　　　　Plaintiff, <br><br>　vs. <br><br>UNIVERSITY OF HAWAI'I, AMERICAN BAR ASSOCIATION, AMERICAN BAR ASSOCIATION LEGAL EDUCATION SECTION, NATIONAL CONFERENCE OF BAR EXAMINERS, ASSOCIATION OF AMERICAN LAW SCHOOLS, STATE BAR OF MICHIGAN, MICHIGAN BOARD OF LAW EXAMINERS, THOMSON REUTERS, INC., BREAKING MEDIA INC., <br><br>　　　　　Defendants. | CIV. NO. 20-00231 DKW-RT |

**ORDER DENYING PLAINTIFF'S MOTION FOR**
**THE RECUSAL OF JUDGE DERRICK K. WATSON, FILED 7/08/20**

　　　　Plaintiff Stephen Young ("Plaintiff") seeks recusal of United States District Judge Derrick K. Watson pursuant to 28 U.S.C. §§ 144 and 455. [Motion for the Recusal of Judge Derrick K. Watson ("Motion"), filed July 8, 2020 (dkt. no. 88).] The matter was assigned to this Court on July 21, 2020. [Order Re-Assigning (1) Motion for Recusal of Judge Derrick K. Watson, ECF 88, and (2) Request for Recusal of Judge Susan Oki Mollway, ECF 100, filed July 21, 2020 (dkt. no. 112).] The Court has considered the Motion as a non-hearing matter pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").

After careful consideration of the pleadings and filings in this case, the Motion is hereby denied as set forth more fully below.

## BACKGROUND

Plaintiff's reasons for seeking Judge Watson's recusal are several and center around his belief that Judge Watson has demonstrated actual bias against him by: (1) threatening Plaintiff with sanctions; (2) ruling Plaintiff should have communicated with the court despite not being permitted; (3) interfering with an appellate court's review of a forum non conveniens motion; (4) implying the existence of an ex parte "agreement" between Plaintiff and the court; (5) communicating with defense counsel in a prohibited manner; (6) not raising the motion for sanctions sua sponte; (7) ignoring Plaintiff's countless arguments in his motion; (8) refusing to acknowledge and answer questions from Plaintiff about Local Rules; and (9) incorrectly ruling that Plaintiff did not file an opposition.  Some of his more specific complaints are:

> 3. Actual bias has been demonstrated by Judge Watson on numerous occasions, but specifically when: 1) the Court issued a threat of sanctions for communicating with the Court when the Plaintiff requested an investigation be raised sua sponte by the U.S. District Court for the District of Hawaii; 2) the Court denied an application to proceed in forma pauperis (intended for the 6th Circuit Appellate Court) in ECF No. 39, which was vacated [ECF No. 29] the

> next day as a "clerical mistake arising from oversight or omission"; and numerous issues contained within ECF No. 80.
>
> 4. The Court's response in ECF No. 80, combined with the facts that the Plaintiff emailed his motion to the Clerk's office for filing at 10:41am ET (sic) (4:41am HST)[sic], the Clerk's Office had not filed the motion by 7:30pm ET [sic](1:30pm HST) [sic], and the Plaintiff was forced to send a follow-up email to the Clerk's Office and the Judge (while including 4 of the Defendants for fear of being sanctioned if he committed ex-parte [sic] communication); demonstrate the Court's behavior in the instant case can no longer be ignored if the Plaintiff seeks a just outcome.

[Mem. in Supp. of Motion at 1.]

> 13. At no time has the Court recognized, or any Court for that matter, that the Plaintiff has had to "clean up the mess" created by the Courts with regard to their actions involving both the previous case and instant case.  While the Plaintiff did not go beyond any required duty for the purpose of being recognized by the Court, the Plaintiff would appreciate if the Courts did not make statements suggesting the Plaintiff has acted inappropriately with regard to any legal filing (especially a request for additional time).

[Id. at 3-4.]

> 27. The Plaintiff, as stated in the electronic order filed on March 13, 2020, "was informed [in the Court's most recent Order, dated February 7, 2020], that email communications to the Court are inappropriate and prohibited by the Local Rules." Case No. 1:20-cv-0035 ECF No. 23.
>
> 28. The Plaintiff was further told the following regarding emails to the Court: "to reiterate that instruction, Young may not seek relief by way of email.  LR 81.1(f).  Thus, the Court will respond to Young's contentions in the email."  Id.

3

[<u>Id.</u> at 9 (alteration in Mem. in Supp. of Motion).]

> 33. Not only did the Court fail to "appear" to be impartial in its electronic order, the Court's actions resulted in a "chilling effect" which prevented the Plaintiff, a pro se litigant, from requesting clarification of Local Rules, Federal Rules of Civil Procedure, and issues which should be established case law.
>
> 34. The electronic order issued by the Court, ECF No. 22, was so stifling to the Plaintiff that he had to put his questions in a motion for clarification; which resulted in the chastising received from the Court in ECF No. 80. The Plaintiff accepts (and even agrees with) the Supreme Court's ruling that insults are not generally enough to warrant recusal; however, the Supreme Court did not say insults were appropriate or could not be evidence considered in an analysis of a motion or recusal.
>
> 35. The inability to ask questions regarding procedures, local rules, electronic filing access, and questions regarding the current law of the case, amount to more than mere insults in ECF No. 80; the derogatory statements rise to become a significant deprivation of the Plaintiff's Constitutionally [sic] protected due process rights.

[<u>Id.</u> at 10.]

> 38. The Court made the following statements regarding the fact the Plaintiff should have communicated with the Court about issues regarding the deadline prior to the day of the filing in ECF No. 80:
>
> > a. "Now having used all of the extra time allotted by the Court, and never previously mentioning that two weeks was not sufficient, Plaintiff has reneged on his representation." ECF No. 80.
> >
> > b. "Plaintiff's tactics are even more egregious given that, at not time during the

>   course of this past two weeks, did he notify
>   the Court of any difficulty with complying
>   with the two additional weeks already
>   afforded". [sic] ECF No. 80.

[Id. at 11.]

>   48. It should have been clear to the Court that
>   the Plaintiff had paid his filing fees for the
>   case simply by reviewing the case docket.  Even
>   if he had not paid the filing fees, because the
>   Plaintiff had been permitted to proceed IFP in
>   the first filing of this case . . ., and later
>   the U.S. District Court permitted the Plaintiff
>   to proceed IFP with regard to his 6th Circuit
>   Appeal as a matter of law of the case . . .,
>   Judge Watson should have permitted the Plaintiff
>   to proceed IFP in the instant case.

[Id. at 13.]

>   54. The Court stated in ECF No. 80 that the
>   "Plaintiff has **reneged** on his representation."

[Id. at 15 (emphasis in Mem. in. Supp. of Motion).]

>   63. The Court in ECF No. 80 specifically states
>   the motives of the Plaintiff are "egregious" and
>   "attempted bullying", which would be [sic]
>   definition be violations of Fed. R. Civ.
>   P. 11(b)(1).

[Id. at 17.]

>   82. For specific examples where the Court in the
>   instant case has ignored the Plaintiff's
>   statements and arguments, one only needs to look
>   at ECF Nos. 77 and 80.  The Plaintiff will
>   address the issues in greater detail in Issues 8
>   and 9 of this motion.

[Id. at 20.]

>   97. Judge Watson failing to acknowledge the
>   Plaintiff's obvious statements of objection in
>   his motion amount to nothing short of a violation

5

> of his due process rights. The Plaintiff is entitled to a fair and impartial trial; which presumably includes having his statements actually read and acknowledged by the Court as (minimally) existing.

[Id. at 24.]

## DISCUSSION

Disqualification of a judge is mandated where his or her impartiality may be reasonably questioned. 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.") Moreover, personal bias or prejudice concerning a party also requires disqualification. Section 455(b)(1) ("He shall also disqualify himself . . . : [w]here he has a personal bias or prejudice concerning a party . . . [.]"). Plaintiff also invokes 28 U.S.C. § 144 which provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any

6

      case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 144.

Plaintiff proceeds in this matter pro se and signed the instant Motion as a declaration under penalty of perjury. This Court thus considers the matter in the context of both §§ 455(b)(1) and 144.

Plaintiff's contentions of bias arise out of Judge Watson's rulings; particularly, his admonition of Plaintiff for filing court pleadings by way of e-mail, which is prohibited by the Local Rules.[1] While Plaintiff may disagree with these rulings and find them unfair, such disagreement is more appropriate for an appeal, not recusal. That Plaintiff finds certain remarks he attributes to Judge Watson as being derogatory is unfortunate but, even if critical or disapproving,

---

[1] Local Rule LR81.1(f) provides, in pertinent part:

      Self-represented litigants must not informally communicate with the presiding judge or chambers staff by letter, telephone, or electronic means. Requests for action must be brought by motion subject to response by the opposing party. Documents sent directly to the presiding judge, other than confidential settlement conference statements, will be shared with all parties in the case. The court may, in its discretion, construe written ex parte requests as motions that shall be docketed and treated as such by all parties.

these remarks are also not a basis for recusal.  As explained by the United States Supreme Court:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  See United States v. Grinnell Corp., 384 U.S. [568,] 583 [(1966)].  In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal.  Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They **may** do so if they reveal an opinion that derives from an extrajudicial source; and they **will** do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.  An example of the latter (and perhaps of the former as well) is the statement that was alleged to have been made by the District Judge in Berger v. United States, 255 U.S. 22 (1921), a World War I espionage case against German-American defendants: "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty."  Id., at 28 (internal quotation marks omitted).  **Not** establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.  A judge's ordinary efforts at courtroom

> administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune.

Liteky v. United States, 510 U.S. 540, 555-56 (1994) (emphasis in Liteky).

The Court is aware that Plaintiff is representing himself. He is not held to the same standard in drafting pleadings as attorneys, and his submissions are to be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that pro se pleadings are held to "less stringent standards than [those] drafted by lawyers"); see also Morrison v. Hall, 261 F.3d 896, 899 n. 2 (9th Cir. 2001) (stating that pro se pleadings must be liberally construed and the pro se litigant must be given "the benefit of any doubt" (quoting Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988))). The Court thus liberally construes the assertions in Plaintiff's declaration regarding his reasons for seeking Judge Watson's disqualification. Even when given the benefit of every doubt, however, these complaints (separately and jointly) do not constitute a legally valid basis for recusal.

A pro se litigant is under the same obligation as one represented by a lawyer to follow the rules of procedure, which include the Local Rules as well as the Federal Rules of Civil Procedure. See Carter v. C.I.R., 784 F.2d 1006, 1008-09 (9th Cir. 1986) (holding that, although a party is pro se, he is

9

"expected to abide by the rules of the court in which he litigates" (citation omitted)).  While Plaintiff may take offense at Judge Watson's rulings, Plaintiff is not exempt, as a result of his pro se status, from following the court rules.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion for the Recusal of Judge Derrick K. Watson, filed on July 8, 2020 is hereby DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, August 11, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**STEPHEN YOUNG VS. UNIVERSITY OF HAWAI`I, ET AL; CV 20-00231 DKW-RT; ORDER DENYING PLAINTIFF'S MOTION FOR THE RECUSAL OF JUDGE DERRICK K. WATSON, FILED 7/08/20**