IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| STEPHEN ROBERT NEALE YOUNG, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSITY OF HAWAI'I, *et al.*, <br><br> Defendants. | Case No. 20-cv-00231-DKW-RT <br><br> **ORDER (1) GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND, AND (2) RULING ON VARIOUS OTHER PENDING MATTERS** |

Pending before the Court are eight motions to dismiss this case, an objection to the Magistrate Judge's denial of early discovery, a motion for sanctions, and a motion for entry of default and default judgment. At present, all of the foregoing can be resolved for essentially one reason: the Complaint does not come close to providing a short and plain statement that provides the numerous defendants with notice of the claims being brought against them. Therefore, as explained below, to the extent Plaintiff wishes to proceed with this action, he must file an amended complaint that complies with the basic pleading requirements of the Federal Rules of Civil Procedure.

### PROCEDURAL BACKGROUND

On April 27, 2020, Plaintiff Stephen Young, proceeding pro se, initiated this action with the filing of a Complaint in the U.S. District Court for the Eastern

District of Michigan. Dkt. No. 1. The Complaint appears to name at least the following defendants: the American Bar Association (ABA); the National Conference of Bar Examiners (NCBE); the Association of American Law Schools (AALS); the Michigan Bar Association;[1] the Michigan Board of Law Examiners (MBLE); the University of Hawaiʻi (UH); Thomson Reuters, Inc. (Reuters); and Breaking Media, Inc. (BMI).

The Complaint appears to bring the following claims: (1) violation of the Racketeer Influenced and Corrupt Organizations Act (RICO); (2) conspiracy to violate RICO; (3) failure to provide a reasonable accommodation under the Americans With Disabilities Act (ADA); (4) failure to provide a reasonable accommodation under the Rehabilitation Act; (5) retaliation under the ADA and the Rehabilitation Act; (6) race and location of origin discrimination under the ADA, the Rehabilitation Act, and the Civil Rights Act of 1964; (7) discrimination and retaliation under Title IX; (8) libel; (9) intentional infliction of emotional distress; (10) illegal monopolization under the Sherman Act; (11) illegal restraint of trade under the Sherman Act; and (12) a challenge to the Federal Torture Statute. For all but Claims 10 and 11, the allegations set forth under each of these

---

[1] The Court notes that the State Bar of Michigan has appeared in this case, asserting that it, rather than the Michigan Bar Association, is the defendant Plaintiff may be intending to name in the Complaint. Herein, the Court will refer to this defendant as the "State Bar."

claims consist mostly of the following statement: "The Plaintiff references Case No. 2:19-cv-13559 and Case No. 1:20-cv-00035, Dkt. #1 … as if fully set forth herein."

After this case was transferred from the Eastern District of Michigan to this District, numerous motions to dismiss were filed.  More specifically, on May 28, 2020, NCBE filed the first motion to dismiss, arguing that it should be dismissed due to a lack of personal jurisdiction, and the Complaint fails to comply with Federal Rule of Civil Procedure 8(a) (Rule 8(a)) or state a claim.  Dkt. No. 6. Next, on June 4, 2020, AALS filed a motion to dismiss, arguing that the Complaint fails to state a claim.  Dkt. No. 31.  On June 8, 2020, Reuters filed a motion to dismiss, arguing that the Complaint fails to comply with Rule 8(a) and Federal Rule of Civil Procedure 9(b) (Rule 9(b)).  Dkt. No. 34.  On June 17, 2020, the State Bar filed a motion to dismiss, arguing that the Complaint violates Rule 8(a). The State Bar further asserts it is immune from claims under both the Eleventh Amendment to the U.S. Constitution and *Parker v. Brown*, 317 U.S. 341 (1943). Dkt. No. 49.  On June 18, 2020, the ABA filed a motion to dismiss, arguing that the Complaint did not comply with Rules 8(a) and 9(b), Plaintiff lacks standing to sue the ABA, and the Complaint fails to state a claim.  Dkt. No. 58.  On June 30, 2020, the MBLE moved for dismissal, arguing that the Complaint violates Rule

8(a) and fails to state a claim.  The MBLE also claims it is entitled to immunity under both the Eleventh Amendment and *Parker*.  Dkt. No. 68.  On July 2, 2020, UH filed a motion to dismiss, arguing that the Complaint fails to comply with Rules 8(a) and 9(b).  UH additionally claims entitlement to immunity under the Eleventh Amendment.  Dkt. No. 76.  Finally, on August 4, 2020, BMI moved for dismissal, arguing that it has not been properly served, and the Complaint violates Rule 8(a).  Dkt. No. 121.  Although briefing deadlines for all but BMI's motion to dismiss have come and gone, Plaintiff has filed no formal response to any of the motions to dismiss.  Plaintiff has, however, filed a "Motion for Early Discovery, Clarification of Issues, and Second Application Ex Parte Motion for Extension of Time to File a Response…" ("motion for relief"), Dkt. No. 77.  Because the motion for relief appears to contain some arguments pertinent to the motions to dismiss, the Court liberally construes it as Plaintiff's singular opposition.[2]

Other than motions to dismiss, also pending before the Court are the following matters.  On July 13, 2020, Plaintiff filed an objection to the Magistrate Judge's denial of his request for early discovery.  Dkt. No. 93.  Next, on August 3, 2020, the State Bar moved for sanctions against Plaintiff.  Dkt. No. 120.  Finally, on August 4, 2020, Plaintiff moved for entry of default and default

---

[2]The balance of the motion for relief has already been addressed by the Court.  *See* Dkt. Nos. 80 and 92.

judgment against BMI. Dkt. No. 123. Plaintiff has also filed an "Objection" to an additional ruling of the assigned Magistrate Judge, the motion for sanctions, and BMI's motion to dismiss. Dkt. No. 130.

This Order now follows.[3]

## LEGAL STANDARDS

### I. Federal Rules of Civil Procedure 8(a) and 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In addition, Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1).

Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the

---

[3]The Court notes that resolution of the foregoing motions and objection has been delayed by the filing in this case of motions for recusal of the undersigned and another judge of this District. Because those motions for recusal have now been resolved without the recusal of the undersigned, the motions pending in this case are now ripe for decision.

plaintiff." *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-887 (9th Cir. 2018) (quotation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## II.     Pro Se Status

The Court liberally construes a pro se complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). In addition, pro se litigants must follow this Court's Local Rules and the Federal Rules of Civil Procedure. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012) (en banc).

"Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Justice does not require leave to amend, however, when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## DISCUSSION

### I. Dismissal

There is at least one clear deficiency with the Complaint as currently written, one which, in fairness to all parties, must be ameliorated before any other potential deficiencies or faults can be properly addressed. That deficiency is the fact that for all but two claims (Claims 10 and 11), not a single factual allegation is asserted in the Complaint to support the claims brought therein. Instead, Plaintiff appears to have drafted the Complaint under the premise that he could simply "reference[]" a different complaint filed in another case he initiated. *See, e.g.*, Dkt. No. 1 at ¶¶ 37, 39, 41, 43, 45, 47, 49, 51, 53, 55 ("The Plaintiff references Case No. 2:19-

cv-13559 and Case No. 1:20-cv-00035, Dkt. #1 … as if fully set forth herein."). Plaintiff appears to believe that such a drafting style is permitted by Federal Rule of Civil Procedure 10(c) (Rule 10(c)).  *Id*. at ¶¶ 6-8.

Rule 10(c), however, does not allow reference to another complaint without making *any* factual allegations in the operative complaint.  The reason is straightforward, even more so given that the complaint Plaintiff references is from a different case.  As the Ninth Circuit Court of Appeals has explained, "[i]t is well-established … that an amended complaint supersedes the original, the latter being treated thereafter as non-existent."  *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  If that is true of an earlier complaint in the *same* case, then it is undoubtedly true of an earlier complaint in a *different* case.  *See Kane v. Donovan*, 2017 WL 6541362, at *3 (S.D. Cal. Dec. 21, 2017) (summarizing cases, and finding that Rule 10(c) "does not permit the adoption by reference of factual allegations and legal claims Plaintiff previously raised … as a valid means of supplanting [Rule 8(a)(3)] and its requirement that Plaintiff's current Complaint, by itself and without reference to any other civil action he filed in the past, contain a 'short and plain statement of the claim showing that he is entitled to relief.'") (quoting Rule 8(a)(3)) (bracket omitted).

With the foregoing explained, much of the Complaint–specifically, Claims 1-9 and 12–must be alleged properly in an amended complaint, if at all. Each of those claims relies upon Plaintiff's reference to a different case, something which provides the defendants in this action with no idea of what is alleged other than through, at best, consulting the different case.[4] That is not the purpose of Rule 8(a), which, as stated, requires a "short and plain statement of the claim" in the *operative* complaint, not in some other pleading in some other case. Put simply, the defendants should not have to consult multiple complaints (or other documents) in multiple dockets in order to determine, or potentially guess, whether a claim is asserted against them and, if so, on what basis.

Plaintiff's failure to make any allegations in the Complaint with respect to Claim 1 leads to an additional problem. In Claim 1, Plaintiff appears to rely on various alleged acts of fraud to support his claim under RICO. Pursuant to Rule 9(b), in alleging fraud, a plaintiff "'must state with particularity the circumstances constituting fraud,'" while intent may be alleged generally. *Sanford v.*

---

[4] In Claim 12, Plaintiff also "references the United Nations Torture Convention Treaty as if fully set forth herein" and "the comments by nations who signed the United Nations Torture Convention Treaty, including the United States and countries in response to the United States, as if fully set forth herein." Dkt. No. 1 at ¶¶ 144-145. Those "references" are equally improper. So it is clear, to the extent Plaintiff wishes to rely on any of the foregoing, he must make "short and plain statements" regarding the same in any amended complaint, not adopt unidentified provisions of a treaty or comments by nations.

*MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (quoting Rule 9(b)).   In practical terms, this means that a plaintiff must allege "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."   *Id.* (quotation omitted).   Given that Plaintiff does not even allege any *general* facts in the Complaint concerning Claim 1, he obviously has not complied with the *particularized* pleading standard under Rule 9(b) for allegations of fraud.

    A further glaring Rule 8(a) deficiency in the Complaint, one which encompasses all claims, is the failure to allege against whom any claim is brought.  As just discussed, for Claims 1-9 and 12, no facts are alleged.   Therefore, it is entirely impossible to tell even who the intended target(s) of such claims may be–a clear Rule 8(a) notice deficiency.[5]   The same is true of Claims 10 and 11.  Although, in those claims, various defendants are mentioned, *see* Dkt. No. 1 at ¶¶ 115, 117, 125, 133, for many of those defendants, that is all that is alleged--they are simply mentioned.   In other words, no direct factual allegations tie many of the defendants mentioned in Claims 10 and 11 to any wrongdoing.   It is unclear whether this is done because Plaintiff does not intend to bring Claims 10 and 11

---

[5]This is perhaps even more so with respect to Claim 12, which appears to challenge a *federal* statute and, as such, would not be a claim as to which any of the apparent defendants in this case could be properly named as a defendant.   *See* Fed.R.Civ.P. 5.1(a).

against those defendants or because, despite intending to, he is unable to make any factual allegations against them.[6]

In his motion for relief, Plaintiff contends that, in light of email correspondence with certain defendants, he is "unable to ascertain" how the defendants "fail to understand the issues presented in the Complaint." Dkt. No. 77-1 at 14. That, however, is not the applicable standard for the sufficiency of the Complaint. Instead, to reiterate, the applicable standard is that the operative complaint must provide "a short and plain statement of the claim…," with each allegation being "simple, concise, and direct." Fed.R.Civ.P. 8(a)(2), (d)(1). The fact that Plaintiff's email correspondence, or any other "evidence" to which he may allude therein, may provide a form of notice of a claim is irrelevant.

---

[6]It is at least for this reason that the Court is unable to assess many of the defendants' other arguments for dismissal of this case. For example, some of the defendants assert that they are entitled to Eleventh Amendment immunity. However, it is unclear whether state or federal causes of action are asserted against the defendants and, if there are federal causes of action, whether sovereign immunity has been abrogated. Equally, it is difficult to address whether *Parker* or "state action" immunity applies when it is not clear what "action" Plaintiff contends the defendants have undertaken. Therefore, at this juncture, other than the defendants' arguments under Rule 8(a) and 9(b), the Court declines to address any other bases they present for dismissing this case. To the extent Plaintiff files an amended complaint, defendants may, if they deem an argument to be applicable, re-assert any argument raised in the instant motions to dismiss. The same is true of the State Bar's motion for sanctions. Therein, the State Bar argues that the claims against it are barred by "black letter law…." Dkt. No. 120 at 4. However, whether *Parker* or "state action" immunity bars Plaintiff's antitrust claims is dependent on the *action* Plaintiff alleges the State Bar took. *See N.C. State Bd. of Dental Examiners v. F.T.C.*, 574 U.S. 494, 504 (2015) ("An entity may not invoke *Parker* immunity unless *the actions in question* are an exercise of the State's sovereign power.") (emphasis added). Because any such allegations are unclear in the Complaint, the motion for sanctions is DENIED WITHOUT PREJUDICE to renewal.

In summary, connecting each claim with the facts supporting it and the defendants whom it targets should not be a matter of guesswork; rather, as Rule 8(a) requires, it should be something that appears plainly and in short fashion. Because the Complaint fails in this basic endeavor, it is subject to dismissal.

## II.     Leave to Amend

For the reasons set forth above, it is necessary for Plaintiff to amend the Complaint. In that regard, so it is clear, if Plaintiff files an amended complaint, **for each claim**, he must write short, plain statements telling the Court: (1) the constitutional or statutory right he believes was violated; (2) the name(s) of the defendant or defendants against whom the claim is asserted; (3) exactly what each defendant did or failed to do in allegedly violating his rights; and (4) what specific injury he suffered because of the defendant's or defendants' conduct. If Plaintiff fails to do so with respect to any claim, the same will be subject to dismissal.

In addition, Plaintiff may not incorporate by reference any part of the Complaint, any other complaint, or any other matter, such as "comments by nations," in an amended complaint. Put simply, an amended complaint must be complete in and of itself. To the extent any claims from the Complaint are not re-alleged in an amended complaint, those claims may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with

prejudice need not be re-alleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

### III.    Plaintiff's Objection Re: Early Discovery

On July 9, 2020, the assigned Magistrate Judge denied Plaintiff's request for early discovery. Dkt. No. 92. In doing so, the Magistrate Judge observed that the discovery request was "overly broad" and Plaintiff cited no legal authority to support the same. The Magistrate Judge also observed that Plaintiff had failed to confer with counsel for the defendants prior to making the request in violation of Local Rule 37.1. *Id.* In his objection, Plaintiff asserts that the Magistrate Judge erred in finding Local Rule 37.1 relevant to his request for early discovery because he "actually sought" discovery under Federal Rules of Civil Procedure 12(b)(1), (b)(2), and 56(d). Dkt. No. 93 at 3. Plaintiff further asserts that he has attempted to comply with Local Rule 37.1, but the defendants have refused to cooperate. *Id.*[7]

The Court agrees with the Magistrate Judge that Plaintiff's request for early discovery is overly broad and unsupported by any authority. Plaintiff does not

---

[7] Plaintiff also raises various "Additional Issues and Objections[,]" none of which have any bearing on the denial of his request for early discovery. *See* Dkt. No. 93 at 4-8. Therefore, the Court does not address them herein.

properly contend otherwise in his objections.  Instead, Plaintiff focuses upon the Magistrate Judge's additional reason for denying his request, a failure to comply with Local Rule 37.1.  The only possible mention in the objection of the Magistrate Judge's "overly broad" finding is the statement that the finding was a "gross misrepresentation of fact and the direct result of misinterpreting the Plaintiff's discovery request…." *Id.* at 3.  Like many of Plaintiff's statements, however, that is simply an unadorned conclusion with no explanation for how his request has been "gross[ly]" misinterpreted.  Having reviewed Plaintiff's request for early discovery–namely, Plaintiff's eight page "[d]eclaration" (Dkt. No. 77-2)–the Court has little pause in finding that the request is overly broad.  In no small part, rather than seeking early discovery for issues that may be encompassed by Rules 12(b)(1) or (b)(2),[8] Plaintiff instead seeks evidence to "prove" many of his claims.  *See* Dkt. No. 77-2 at ¶¶ 11-15, 24.  So it is clear, this case is still in the *pleading* stage.  It is not in the *evidence* stage.  Therefore, at this point, Plaintiff need only *allege* facts that will support his claims, he need not produce (or seek to obtain) *evidence* to prove them at this time.

---

[8] Plaintiff's alternative citation to Rule 56(d) does not help him either, as no motions for summary judgment have been filed in this case, *see* Fed.R.Civ.P. 56(d), and none of the motions to dismiss have been treated as motions for summary judgment, *see* Fed.R.Civ.P. 12(d).

Accordingly, the Magistrate Judge did not err, let alone clearly, in denying Plaintiff's request for early discovery.  See Fed.R.Civ.P. 72(a).[9]

## IV.   **No Default**

On August 4, 2020, Plaintiff moved for entry of default and default judgment against BMI.  Dkt. No. 123.  In a declaration attached to the motion, Plaintiff argues that default must be entered against BMI because it has failed to plead in a timely manner, even though he "attempted" to serve BMI by registered mail and BMI is "aware" of this lawsuit.  Dkt. No. 123-1 at 1-2.  Although BMI has not filed a direct response to the motion for default, in its motion to dismiss, BMI argues that default should not be entered against it because Plaintiff has yet to properly serve the summons and Complaint.  Dkt. No. 121-1 at 5-11.

The Court agrees with BMI that default (and default judgment) should not be entered against it.  In the motion for default, Plaintiff appears to rely upon Michigan Court Rule 2-105 (Rule 2-105) for the proposition that he has done enough to serve BMI.  As it relates to BMI, Rule 2-105 provides that a corporation may be served in one of four ways.  The only way that encompasses registered mail, which is the manner in which Plaintiff asserts he "attempted" to

---

[9]The Magistrate Judge also did not clearly err in granting a motion to withdraw as counsel (Dkt. No. 119), to which Plaintiff objects in his August 11, 2020 "Objection."  Dkt. No. 130.  Among other things, Plaintiff has no grounds to object to a procedural ruling that allows counsel for a defendant to withdraw from this case.

15

serve BMI, is when a corporation has failed to appoint a resident agent, file a certificate of appointment, or keep up its organization, or when the corporation's existence has expired. There is no contention from Plaintiff that any of those circumstances apply to BMI. Therefore, service by registered mail was not permitted by Rule 2-105. As for Plaintiff's other contention, that BMI is "aware" of this lawsuit, Plaintiff appears to assert in another filing that Rule 2-105(J)(1) and (3) support the proposition that BMI has been served. *See* Dkt. No. 77-1 at 8-9. Plaintiff is, again, mistaken. Rule 2-105(J) does not provide that "actual notice" of a lawsuit is all that is needed to evidence or constitute proper service. Instead, Rule 2-105(J)(3) specifically states that notice of a lawsuit merely means that an action should not be *dismissed* for improper service. That is very different from the proposition that *default* should be entered against a defendant.[10]

Therefore, the motion for default and default judgment, Dkt. No. 123, is DENIED.[11]

---

[10] In other words, Rule 2-105(J) is a shield rather than a stick.

[11] Because the Complaint has been dismissed on Rule 8(a) grounds, the Court declines to address BMI's argument, in its motion to dismiss, that the Complaint should be dismissed for failure to serve. Should Plaintiff file an amended complaint, then he will need to serve such a pleading on each of the defendants, including BMI, in a manner that complies with the Federal Rules of Civil Procedure.

## V. Conclusion

For the reasons set forth herein, the motions to dismiss, Dkt. Nos. 26, 31, 34, 49, 58, 68, 76, 121, are GRANTED WITH LEAVE TO AMEND.

Plaintiff's objections, Dkt. Nos. 93 and 130, are OVERRULED.

The State Bar's motion for sanctions, Dkt. No. 120, is DENIED WITHOUT PREJUDICE.

Plaintiff's motion for default and default judgment, Dkt. No. 123, is DENIED.

Plaintiff may have until **September 4, 2020** to file an amended complaint consistent with the terms of this Order.   **The Court cautions Plaintiff that failure to file an amended complaint by September 4, 2020 may result in the dismissal of this case.**

IT IS SO ORDERED.

Dated: August 11, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

_Stephen Robert Neale Young v. University of Hawaii, et al;_ Civil No. 20-00231 DKW-RT; **ORDER (1) GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND, AND (2) RULING ON VARIOUS OTHER PENDING MATTERS**