IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| STEPHEN ROBERT NEALE YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF HAWAIʻI, *et al.*,<br><br>Defendants. | Case No. 20-cv-00231-DKW-RT<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**[1] |

On August 11, 2020, the Court entered an interlocutory order dismissing the Complaint with leave to amend, observing, among other things, that the Complaint failed to comply with Federal Rule of Civil Procedure 8(a) ("August 11, 2020 Order"). Dkt. No. 133. Sixteen days later, on August 27, 2020, Plaintiff filed an "Ex Parte Motion and Memorandum Reconsideration of ECF No. 133 Under Fed.R.Civ.P. 60 and, alternatively, Permission to Appeal" ("motion for reconsideration"), in which Plaintiff argues that the August 11, 2020 Order should be vacated, pursuant to Federal Rule of Civil Procedure 60(b), or, alternatively, he should be granted permission to appeal the August 11, 2020 Order. Dkt. No. 140. For the reasons set forth below, the motion for reconsideration is DENIED.

---

[1] Pursuant to Local Rule 7.1(d), the Court decides the instant motion without a hearing.

As an initial matter, Plaintiff cites an inapplicable rule for the relief he seeks. As the Ninth Circuit Court of Appeals has explained, when seeking reconsideration of an *interlocutory* order, such as the August 11, 2020 Order,[2] "[a] district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001). Thus, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Id*. at 885 (emphasis omitted). In this District, "cause" may include (1) discovery of new material facts not previously available, (2) an intervening change in law, or (3) manifest error of law or fact. *See* Local Rule 60.1 (setting forth the three grounds upon which a motion for reconsideration of an interlocutory order may be brought).

Liberally construing the pro se motion for reconsideration, Plaintiff appears to believe that the Court committed a manifest error of law or fact in dismissing the Complaint with leave to amend. Specifically, Plaintiff contends that the Court

---

[2]*See, e.g., Fisk v. Wilson*, 2020 WL 777301 at *1 fn.3 (C.D. Cal. Feb. 8, 2020) (order granting motion to dismiss is interlocutory where it grants leave to amend and does not end the litigation).

"did not consider the fact" that he attached a complaint from a different case to the Complaint in this case. Dkt. No. 140 at 7-8.[3]

Plaintiff, however, is very much mistaken in believing that the Court did not consider the above-mentioned issue. Rather, in the August 11, 2020 Order, the Court did consider that a complaint from a different case was attached to the Complaint in this case and that Plaintiff had adopted large swathes of the other complaint here. In fact, that practice was one of the reasons for dismissing the Complaint in this case because, for most claims, Plaintiff had simply failed to allege any facts in this case's Complaint. As the Court explained in the August 11, 2020 Order, that practice is not permitted. Instead, the operative complaint *in this case* must contain all of the allegations supporting the claims *in this case*. Dkt. No. 133 at 8-9, 12. Accordingly, because Plaintiff has not pointed to any error in the August 11, 2020 Order, let alone a manifest one, the motion for reconsideration is DENIED in that respect.

As for Plaintiff's alternative request, for permission to appeal, that too is DENIED. As Plaintiff acknowledges, such a request requires a controlling

---

[3] However liberally the motion for reconsideration may be construed, it certainly does not rely upon new facts or an intervening change in the law. As such, the motion is also untimely under Local Rule 60.1, which requires motions for reconsideration based upon a manifest error of law or fact to be filed within 14 days of the order being challenged. Here, the motion for reconsideration was filed 16 days after issuance of the August 11, 2020 Order.

question of law as to which a substantial ground for difference of opinion exists and that would materially advance the termination of this case.  *See* Dkt. No. 140 at 8; 28 U.S.C. § 1292(b).   No such matter is raised by Plaintiff's attempt to appeal the August 11, 2020 Order, particularly given that Plaintiff has been provided leave to amend his deficient Complaint.  *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (explaining that "[a] party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference[,]" and noting that not a "single case" had been cited in conflict with the district court's decision).   Similarly, here, Plaintiff does not cite one case in conflict with this Court's decision to dismiss the Complaint or even in support of his position.  *See* Dkt. No. 140 at 8.

For these reasons, the motion for reconsideration, Dkt. No. 140, is DENIED.

IT IS SO ORDERED.

Dated: August 31, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

*Steven Robert Neale Young v. University of Hawaii, et al*; Civil No. 20-00231 DKW-RT; **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**