IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| STEPHEN ROBERT NEALE YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF HAWAIʻI, *et al.*,<br><br>Defendants. | Case No. 20-cv-00231-DKW-RT<br><br>**ORDER DISMISSING CASE WITH PREJUDICE** |

On August 11, 2020, the Court dismissed the Complaint with leave to amend, observing that the Complaint, among other things, failed to comply with Federal Rule of Civil Procedure 8(a). The fifty-one-page Complaint did not meet Rule 8(a)'s standards principally because it contained no factual allegations supporting many of the underlying claims and because it was impossible to determine which of the eight defendants were the target of which of the twelve claims. Dkt. No. 133 at 7-8, 10. Instead, the Complaint merely "reference[d]" without further development a complaint in a different case filed by Plaintiff Young. As a result, the Court provided Plaintiff until September 4, 2020 to file an amended complaint that corrected the deficiencies identified by the Court.[1]

---

[1] Rule 8(a) was not the Complaint's only problem. *See* Dkt. No. 133 at 9-10 (describing the Complaint's violations of Rule 9(b)).

Plaintiff, however, did not file an amended complaint by September 4, 2020, nor has one been filed as of the date of this Order. Instead, on September 8, 2020, Plaintiff filed a "Declaration." Dkt. No. 150. Plaintiff's Declaration states that he "cannot" file an amended complaint in compliance with Rule 8(a) and "any amount of time" to do so would be insufficient. *Id.* at ¶¶ 17, 26-28.

In light of Plaintiff's pleadings deficiencies and Declaration, this case must be dismissed. As the Court cautioned in its August 11, 2020 Order, "failure to file an amended complaint by September 4, 2020 may result in the dismissal of this case." Dkt. No. 133 at 17. Here, not only has Plaintiff failed to file an amended complaint by September 4, 2020, but he has stated that he *never* intends to file an amended complaint in this action.[2] As such, the only complaint in this case has been dismissed, there is no operative complaint with which to proceed, and there is no desire on Plaintiff's part to produce one.

Accordingly, for the reasons set forth in the August 11, 2020 Order, this case is DISMISSED, and this dismissal is now WITH PREJUDICE. The Clerk is

---

[2]Although it is not perfectly clear, it appears that Plaintiff believes he "cannot" file an amended complaint because he is "unable to write a complaint which does not reference anything within or outside of it…." Dkt. No. 150 at ¶ 26. Precisely why he is not able to do so, particularly with the guidance provided by the Court, is not obvious. Moreover, the purported restriction Plaintiff cites was not part of the August 11, 2020 Order. *See* Dkt. No. 133 at 8 (explaining that the Federal Rules of Civil Procedure do "not allow reference to another complaint without making *any* factual allegations in the operative complaint" and that the purpose of Rule 8(a) is to provide a "short and plain statement of the claim in the *operative* complaint….") (emphasis in original, quotation omitted).

instructed to enter Final Judgment in favor of all defendants pursuant to the August 11, 2020 Order (Dkt. No. 133) and this Order, and then CLOSE this case.

IT IS SO ORDERED.

Dated: September 10, 2020 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

*Stephen Robert Neale Young v. University of Hawaii, et al*; Civil No. 20-00231 DKW-RT; **ORDER DISMISSING CASE WITH PREJUDICE**